IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR164 |
| Plaintiffs, | ) ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JOSE G. DIAZ-DIAZ, | ) ) | |
| Defendant. | ) | |

This matter is before the court on the following motions filed by the Defendant, Jose G. Diaz-Diaz: for Additional Time to File a § 2255 Petition (Filing No. 518); to Receive Copies of All Records (Filing No. 519); for Leave to Proceed In Forma Pauperis (Filing Nos. 521, 523), and for initial review of defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody (§ 2255 motion) (Filing No. 522).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Defendant pleaded guilty to Count I of the Superseding Indictment[1] charging him with conspiracy to distribute and possess with intent to distribute methamphetamine

---

[1] The plea agreement, which refers to a plea to the Indictment, is in error. (Filing No. 253.)

in violation of 21 U.S.C. § 846.  He was sentenced to 210 months imprisonment and 5 years supervised release.  (Filing No. 330.)

The claims raised in the defendant's § 2255 motion are barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2) - (4) above, the 1-year period for filing a § 2255 motion begins to run when the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time allotted for seeking such review. As the Defendant acknowledges in his Motion for Extension of Time to File a § 2255 motion, the judgment in this case became final on January 9, 2006, when the United States Supreme Court entered its Order denying his petition for a writ of certiorari. (Filing No. 473-1).  Defendant filed his § 2255 motion on February 9, 2007, one month after the expiration of the one year statute of limitations.  The defendant has not set forth any

2

arguments supporting invocation of the equitable tolling doctrine. *See United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir.) (setting out the test for applying the equitable tolling doctrine in the § 2255 context)., *cert. denied,* 126 S. Ct. 2341 (2006).

For these reasons, the Defendant's § 2255 motion will be denied.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 522) is denied;

2. The Defendant's Motion for Additional Time to file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 518) is denied as moot;

3. The Defendant's Motion to Receive All Copies (Filing No. 519) is denied as moot;

4. The Defendant's Motions to Proceed In Forma Pauperis (Filing Nos. 520, 523) are denied as moot;

5. A separate Judgment will be issued; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 13th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge