IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR164** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JOSE G. DIAZ-DIAZ**, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Notice of Appeal/Application for Certificate of Appealability (Filing No. 537) from the Memorandum and Order, and Judgment (Filing No. 535, 536) denying his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 533) as untimely. The Defendant has also moved for leave to proceed in forma pauperis on appeal. (Filing No. 539). Previously, the Defendant filed a Motion Under 28 U.S.C. § 2255 that was denied based on the statute of limitations bar (Filing No. 525). His motion for reconsideration, in which he argued facts to demonstrate the propriety of equitable tolling, was also denied. (Filing No. 528).

Before a defendant may appeal the denial of a §2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a §2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 475 (2000) quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983) (defining the former standard for a certificate of probable cause to appeal)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. In contrast, if the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling.

The Eighth Circuit Court of Appeals has held that, "where a district court finds a plaintiff's explanation for tardy filing to be insufficient as a matter of law, the court is making a legal judgment subject to de novo review."  Because the Defendant provided some factual basis for his failure to timely file the initial § 2255 motion, this Court concludes that a certificate of appealability should be granted.  *See United State v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005); *United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006)(stating in connection to a denial of a § 2255 motion, "we review the decision to deny equitable tolling de novo.")  Because the Court will grant the application for a certificate of appealability, the motion for leave to appeal in forma pauperis is also granted.

IT IS ORDERED:

1. The Defendant's application for a certificate of appealability (Filing No. 537) is granted;

2. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 539) is granted;

3. The Clerk of the Court shall provide a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 8th day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge